MISSOURI PACIFIC R'Y CO. V. J. T. JARRARD.

(Case No. 1994—Motion No. 944.)

1. PRACTICE IN SUPREME COURT—CONTINUANCE—CITATION IN ERROR—REVISED STAT-
UTES, ART. 1034—Judgment in a cause pending in a district court, was rendered
on November 11, 1884. Petition for writ of error and supersedeas, and a
supersedeas bond and assignment of errors, were filed in that court, on De-
cember 12, 1884. On the same day a citation in error was issued, but, without
fault on the part of the plaintiff in error, was not served until January 5, 1885.
On January 16, 1885, only three days before the day designated for the call of
the assignment to which the cause belonged in the supreme court, the defend-
ant in error waived, in writing, the twenty days required by law in cases of
service of writs of error, entered his appearance in the latter court, and con-
sented to a hearing of the cause at that term. The plaintiff in error moved for
a continuance of the cause to the next succeeding term, on the ground that he
was not obliged to prepare the cause and submit it at the then term of the
supreme court. Held:

(1) That the citation in error having been served within less than twenty
days before the first day of the assignment to which this case belonged, the
cause was returnable to the next succeeding term of the supreme court at Gal-
veston;

(2) That the plaintiff in error had the right to so treat it, and no act of the
defendant in error, done after the service of the writ was perfected, could
change the rights or the position of the plaintiff in error, so as to impose on
him burdens or duties more onerous than were required by the statute;

(3) That the provision of the statute (R. S., art. 1034) as to the twenty days
which must elapse between the service of the citation and the commencement
of the assignment, in order to give the supreme court jurisdiction at a particu-
lar term, is as much for the benefit of the plaintiff in error as the defendant
in error. It was thereby intended to give him time within which to make out
his briefs, have his transcript ready, and otherwise prepare his cause for sub-
mission in the supreme court; and the fact that the defendant in error has had
the transcript made out, and has waived the filing of briefs, as required by
law and the rules of court, cannot affect the question. The plaintiff in error

must have the right to do all these things at the time and in the manner pre-
scribed by law, and he cannot be forced to accept the courtesy of the opposite
party, and thereby give the court jurisdiction at a time when it would not
otherwise attach.

ERROR from Walker. Tried below before the Hon. Norman G.
Kittrell.

On motion of appellant for a continuance. The facts upon which
the motion is based sufficiently appear in both the opinion and the
syllabus.

*Baker, Botts & Baker*, for the motion.

*L. A. Abercrombie*, against the motion, cited: McGuire *v.* Newbill,
54 Tex. 317, 318; Wilson *v.* Adams, 50 Tex. 13, 14; Hohenthal *v.*
Turnure, 50 Tex. 1.

WILLIE, CHIEF JUSTICE.—The judgment in this case was rendered
in the district court, on November 11, 1884. Petition for writ of
error and supersedeas, and a supersedeas bond and assignment of
errors, were filed in that court on December 12, 1884. A citation in
error, issued on the same day, which, without fault on the part of the
plaintiff in error, was not served till the fifth of the present month.
On the sixteenth of this month, and only three days before the day desig-
nated for the call of the assignment to which the cause belonged, the
defendant in error waived, in writing, the twenty days required by
law in cases of service of writs of error, entered his appearance in
this court, and consented to a hearing of the cause at the present
term. The plaintiff in error now moves for a continuance of the case
to the next term, on the ground that he is not bound to prepare the
cause and be ready to submit it at this term of the court.

Our Revised Statutes provide that, where a citation in error is
served less than twenty days before the day of the term of the su-
preme court designated for the trial of causes brought from the
county in which the writ of error was taken, the transcript shall be
filed at the next succeeding term thereafter.

The citation in error in this case having been served on the fifth of
the present month, and the assignment to which the cause belonged
commencing on the nineteenth of the month, the cause was returnable
to the next term of this court at Galveston.

The plaintiff in error had a right to so treat it; in fact, he was not
authorized to treat it otherwise. He could not, by any act of his,
have forced its consideration at the present term, and was not expected

to prepare it with a view of having it submitted before the Galveston term, 1886. Neither could any act on the part of the defendant in error, done after the service was perfected, change the rights or position of the plaintiff, so as to impose on him burdens and duties more onerous than were required by the statute. The provision as to the twenty days which must elapse between the service of the citation and the commencement of the assignment, in order to give this court jurisdiction at a particular term of the court, is as much for the benefit of the plaintiff as of the defendant in error. It was intended to give him time to make out his briefs, have his transcript ready, and otherwise prepare his cause for submission here. The fact that the defendant in error has had the transcript made out, and waived the filing of briefs, as required by law and the rules of court, cannot affect the question. The plaintiff must have the right to do all these things at the time and in the manner prescribed by law, and he cannot be forced to accept the courtesy of the opposite party, and thereby to give the court jurisdiction, at a term at which it would not otherwise attach. It might not suit the convenience of this court to allow an extension of time for the plaintiff in error to prepare his case. The law allows the time before the beginning of the assignment, and the court cannot be forced, at the instance of an appellee, and for the purpose of bringing on his cause at a term previous to the one at which it is properly cognizable, to vary the requirements of the law, to the disadvantage of an appellant, who protests against such action. What might be the effect of an agreement of both parties to the hearing of the cause at the present term, it is unnecessary for us to decide, as no such agreement has been made. The motion of plaintiff in error will be granted, and the cause continued to the next term.

MOTION GRANTED.

[Opinion delivered January 22, 1885.]